T.C. Summary 2002-36


UNITED STATES TAX COURT


STEPHEN J. MAJOR, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 3830-00S.                Filed April 4, 2002.


Stephen J. Major, pro se.

<u>Rachael Zepeda</u>, for respondent.


GOLDBERG, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioner's 1997 Federal income tax in the amount of $7,562, and an accuracy-related penalty under section 6662(a)(1) in the amount of $1,512.

After concessions by petitioner,[1] the issues for decision are: (1) Whether petitioner failed to report $24,000 on his 1997 Federal income tax return; (2) whether petitioner is subject to the self-employment tax on this amount; and (3) whether petitioner is liable for an accuracy-related penalty under section 6662(a).

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time of filing the petition, petitioner resided in Oro Valley, Arizona.

During 1997, petitioner was a full-time employee of Quality Screw & Nut Company (QSN) in its Tucson, Arizona, branch. Petitioner was the general manager of the branch and conducted regular business in Mexico on behalf of petitioner's main client, McCulloch Corporation (McCulloch). McCulloch, based in Tucson, Arizona, manufactured various power tools including gas and electric chain saws, string trimmers, and blowers. QSN provided supplies, including screws and nuts, and logistics management for

---

[1] Petitioner concedes that he failed to include $24 of taxable interest received from Capital One Federal Savings Bank and $48 of taxable interest received from DM-Federal Credit Union in 1997.

McCulloch.  The supplies were sent to McCulloch's plant in Mexico where parts were assembled.  The parts were later shipped back to the United States where end products were assembled. Petitioner's duties at QSN included overseeing the delivery of QSN's screws and nuts to McCulloch.  During 1997, petitioner traveled to Mexico approximately once a week.  Petitioner also managed nine Mexican national employees in Mexico.

Petitioner testified that QSN received a 9-percent management fee based upon the delivery of screws and nuts to McCulloch's plant in Mexico and the parts shipped back to the United States for assembly.  Petitioner testified that any taxes or fees paid to the Mexican taxing authorities were paid by petitioner from the 9-percent management fee.  No contracts or agreements between QSN and McCulloch were introduced at trial.

During the year in issue, petitioner was a salaried employee of QSN.  In addition to his regular salary, petitioner stipulated that he received a monthly car allowance of $400, totaling $4,800 during 1997.  Petitioner also stipulated that he received a monthly check from QSN of $2,000, totaling $24,000 during 1997. Petitioner does not dispute that he deposited the $400 monthly car allowance and $2,000 monthly check into his personal checking account at DM-Federal Credit Union.

Both the $400 monthly car allowance and $2,000 monthly check were prepared by Ms. Jacqueline S. Udell (Ms. Udell) at QSN's

headquarters located in Bensenville, Illinois.  Ms. Udell was directed to write out the checks to petitioner by Mr. Art Wondrasek (Mr. Wondrasek), the president of QSN.  Mr. Wondrasek hired petitioner and generally approved all compensation packages for QSN employees.

In addition to petitioner's regular salary, the monthly $400 car allowance, and monthly $2,000 check, petitioner also received employee expense reimbursements directly from QSN's headquarters after submitting a detailed expense report or currency exchange worksheet.  Reimbursement checks were routinely sent to each branch in weekly packages with other checks.

For 1997, QSN prepared a Form W-2, Wage and Tax Statement, and 2 Forms 1099-MISC, Miscellaneous Income, reflecting petitioner's salary, car allowance of $4,800, and "commission" income of $24,000, respectively.

Petitioner timely filed his income tax return for the taxable year 1997 reporting $57,090 in wages and the $4,800 car allowance as gross receipts on his Schedule C, Profit or Loss From Business.  Petitioner did not report as income the $24,000 from the $2,000 monthly check received during 1997 from QSN.

In a notice of deficiency respondent determined that petitioner failed to report the $24,000 as commission income received during 1997, and, further, that the commission income is subject to self-employment tax.  Respondent also determined that

petitioner was liable for an accuracy-related penalty due to a substantial understatement of tax under section 6662(a) and (d)(1). Petitioner contends that he should not have to pay self-employment tax since the $24,000 received was not commission income, but rather reimbursements of other business expenses.

We note that petitioner incorrectly reported the $4,800 car allowance as gross receipts on his Schedule C. Similarly, petitioner deducted car/truck expenses of $10,395 on his Schedule C, resulting in a net loss from business of $5,595. We find that these amounts should be reported on petitioner's Schedule A, Itemized Deductions, as an unreimbursed job expense subject to the 2-percent floor of section 67. By use of Form 2106, Employee Business Expenses, we recharacterize the correct amount reported on line 20 of petitioner's Schedule A as follows:

| Vehicle Expenses | $10,395 |
| Less: Reimbursements received from employer | 4,800 |
| Net unreimbursed employee expenses | $5,595 |

Respondent's determination is presumed correct, and petitioner bears the burden of proving that respondent's determination is erroneous. Rule 142(a); <u>Welch v. Helvering</u>, 290 U.S. 111, 115 (1933).[2]

---

[2] Because petitioner failed to introduce any credible evidence, he failed to meet the requirements of sec. 7491(a), as amended, so as to place the burden of proof on respondent with respect to any factual issue relevant to ascertaining liability for the tax deficiency in issue. As to the accuracy-related

(continued...)

Unreported Income

Gross income includes all income from whatever source derived.  Sec. 61(a).  Section 61(a)(1) specifically includes income derived from compensation for services, including fees, commissions, fringe benefits, and similar items.  It is required under Federal law that taxpayers maintain adequate and accurate tax records.  Sec. 6001; see also Jones v. Commissioner, 903 F.2d 1301, 1303 (10th Cir. 1990), affg. in part, revg. in part and remanding T.C. Memo. 1988-373.

Petitioner does not dispute that he received $24,000 from QSN during 1997 in addition to his regular salary.  Petitioner instead argues that respondent mischaracterized the checks as commission checks, rather than reimbursements for other business expenses; namely, out-of-pocket expenditures from business dealings in Mexico with QSN's client, McCulloch.

The record consists of petitioner's weekly expense reports and currency exchange worksheets that he submitted to QSN's headquarters for reimbursements in 1997.  We find it puzzling that petitioner failed to produce credit card statements, receipts, expense records or logs, additional currency exchange reports, independent testimony, or any other credible evidence to

---

[2](...continued)
penalty, we find that respondent has satisfied his burden of production under sec. 7491(c) because the record shows that petitioner failed to include the income on his return.  Higbee v. Commissioner, 116 T.C. 438 (2001).

show that these payments were related to "other" reimbursable business expenses and not commission or other income from QSN. Respondent presented extensive business records that petitioner submitted to QSN's headquarters to substantiate his expenses which were reimbursed. Petitioner suggests that there are other records available at the branch level which could support his contentions; however, he failed to introduce any of them at trial.

We note that the $2,000 monthly checks were paid regularly and did not vary in amount from month to month, whereas the employee expense reimbursement checks fluctuated by date and by amount depending on the expense report submitted for that period.

Without any corroborative evidence, we find that petitioner failed to show that the $24,000 received from QSN during 1997 was a reimbursement of employee expenses. Accordingly, the $24,000 received from QSN is includable in gross income and properly reported as "other income" on petitioner's 1997 Form 1040.

Self-Employment Tax

Section 1401 imposes a tax on an individual's self-employment income. Self-employment income is defined as "net earnings from self-employment". Sec. 1402(b). The term "net earnings from self-employment" is defined as an individual's gross income from a trade or business carried on by such individual, less the deductions attributable to such trade or

business. Sec. 1402(a).

Respondent contends that petitioner is liable for the self-employment tax because the $24,000 was commission income in petitioner's trade or business as a salesperson. We disagree.

For purposes of section 1401, "trade or business" shares the same definition as when used in section 162. Sec. 1402(c). However, an exception exists where the performance of service is by an individual as an employee. Sec. 1402(c)(2). Section 1.1402(c)-3, Income Tax Regs., states as follows:

> the performance of service by an individual as an employee, as defined in the Federal Insurance Contributions Act (chapter 21 of the Internal Revenue Code) does not constitute a trade or business within the meaning of section 1402(c) and section 1.1402(c)-1. * * *

Petitioner was a full-time, salaried employee of QSN during the year in issue. He did not engage in a trade or business subject to the self-employment tax during the year in issue.

Accordingly, petitioner is not subject to self-employment tax. Petitioner is sustained on this issue.

## Section 6662(a)

The last issue for decision is whether petitioner is liable for an accuracy-related penalty pursuant to section 6662(a) for the year in issue. Section 6662(a) imposes a penalty of 20 percent of the portion of the underpayment which is attributable to negligence or disregard of rules or regulations. Sec. 6662(b)(1). Negligence is the "'lack of due care or failure to

do what a reasonable and ordinarily prudent person would do under the circumstances.'"  Neely v. Commissioner, 85 T.C. 934, 947 (1985) (quoting Marcello v. Commissioner, 380 F.2d 499, 506 (5th Cir. 1967), affg. in part and remanding in part on another issue 43 T.C. 168 (1964) and T.C. Memo. 1964-299).  A "substantial understatement" exists where the amount of the understatement exceeds the greater of 10 percent of the tax required to be shown on the return for the taxable year or $5,000.  Sec. 6662(d)(1).

No penalty shall be imposed if it is shown that there was reasonable cause for the underpayment and the taxpayer acted in good faith with respect to the underpayment.  Sec. 6664(c).

Petitioner failed to address the accuracy-related penalty and offered no evidence that he had reasonable cause for the underpayment.  Accordingly, we sustain respondent's determination.

We have considered all arguments made by the parties, and, to the extent not discussed above, conclude they are irrelevant or without merit.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered

under Rule 155.